UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEE ANDREW BOYDEN,

                                                Plaintiff,

                         v.                                        5:13-CV-579
                                                                      (FJS)

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
_____

**APPEARANCES**                                                **OF COUNSEL**

**LAW OFFICES OF STEVEN R. DOLSON**      **STEVEN R. DOLSON, ESQ.**
126 North Salina Street, Suite 3B
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**      **JASON P. PECK, ESQ.**
**OFFICE OF REGIONAL**
**GENERAL COUNSEL – REGION II**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Lee Andrew Boyden brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for Supplemental Security

Income ("SSI"). *See generally* Dkt. Nos. 1, 12. Currently before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 12, 14.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed an application for SSI on December 13, 2010, alleging disability as of January 1, 2010. *See* Administrative Record ("AR") at 179. The Social Security Administration denied Plaintiff's application on March 10, 2011. *See id.* at 61. Plaintiff filed a timely request for a hearing on March 14, 2011. *See id.* at 72. The hearing was held on March 20, 2012, before Administrative Law Judge Andrew Henningfeld ("ALJ"). *See id.* at 22. Attorney Maggie McOmber represented Plaintiff at the hearing. *See id.* at 10. On April 25, 2012, the ALJ issued an unfavorable decision. *See id.* at 10-17.

In his written decision, the ALJ made the following findings "[a]fter careful consideration of all the evidence . . . ."

1) Plaintiff "has not engaged in substantial gainful activity since December 8, 2010."
2) Plaintiff "has severe impairments: obesity, lower back disorders, diabetes, and mental disorders."
3) Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
4) "After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work . . . except: work cannot involve climbing ladders, ropes, or scaffolds; work cannot involve more than occasional stooping, crouching, kneeling, or crawling; work must involve understanding, carrying-out, and remembering no more than a few simple instructions; work must be routine and repetitive involving only a few, if any, changes in the work setting; work must not involve hazards such as dangerous moving mechanical parts or machinery that could cause bodily injury or work in high, exposed places; work cannot involve more than occasional interaction with the public, supervisors, or coworkers; and work tasks must be well defined, requiring no more than

occasional simple decision making or use of independent judgment to complete tasks."
5) Plaintiff "has no past relevant work."
6) Plaintiff "was born on February 4, 1958 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed."
7) Plaintiff "has a limited education and is able to communicate in English."
8) "Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work."
9) Considering Plaintiff's "age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."
10) Plaintiff "has not been under a disability, as defined in the Social Security Act, since December 8, 2010."

*See* AR at 11-17 (citations omitted).

In support of his motion, Plaintiff argues that the ALJ improperly assessed his credibility. *See* Dkt. No. 12, Pl.'s Br., at 3-6.

### III. DISCUSSION

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). To be eligible for benefits, a claimant must show that he suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).

2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id*.

3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).

4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do his past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, he is not disabled. *See* 20 C.F.R. § 416.920(f).

5) If the claimant cannot perform his past relevant work, the ALJ determines if he can perform other work, in light of his RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then he is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is only entitled to receive disability benefits if he cannot perform any alternative gainful activity. *See id*.

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

Additionally, between steps three and four, the ALJ must determine the claimant's residual functioning capacity ("RFC"), which is defined as "the most you can still do [in a work setting] despite your limitations." 20 C.F.R. § 416.945(a)(1); *see also* 20 C.F.R. § 416.920(e). The RFC analysis considers "all of the relevant medical and other evidence," which includes "descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you . . . ." 20 C.F.R. § 416.945(a)(3). When a claimant makes subjective allegations of symptoms limiting his ability to function, the regulations provide that

> [y]our symptoms, such as pain . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present . . . which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 416.929(b); *see also* 20 C.F.R. § 404.1529(b). Accordingly, the Social Security Administration has adopted a two-step standard for assessing a claimant's credibility. *See* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, *2 (July 2, 1996); *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010).

> First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment[ ] that could reasonably be expected to produce" the pain alleged. . . . Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's pain contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry. . . .

*Meadors*, 370 F. App'x at 183 (internal quotation, citations and footnote omitted). The distinction between the two steps "'is important because at the first step in the credibility analysis, [Appellant's] allegations *need not be substantiated by medical evidence, but simply consistent with it*.'" *Meadors*, 370 F. App'x at 184 (quotation omitted).

Thus, "requiring that [a claimant's] allegations of pain be 'well supported' by the medical evidence . . . impose[s] an undue burden on the [claimant] at the credibility stage." *Id.* at 185. This is so because "'[a] claimant who alleges disability based on the subjective experience of pain need not adduce direct medical evidence confirming the extent of the pain, but [instead] medical signs and laboratory findings which show that the claimant has a medical impairment which could reasonably be expected to produce the pain.'" *Id.* (quoting *Snell v. Apfel,* 177 F.3d 128, 135 (2d Cir. 1999)) (citing *Barringer v. Comm'r of Soc. Sec.,* 358 F. Supp. 2d 67, 81 n.25 (N.D.N.Y. 2005) ("A finding that a claimant suffers from disabling pain requires medical

- 5 -

evidence of a condition that could reasonably produce pain. It does not require objective evidence of the pain itself or its degree.")). For these reasons, "an express first-step finding is crucial to a valid subjective credibility assessment." *Babb v. Colvin*, No. 5:13-cv-868, 2014 WL 4684883, *6 (N.D.N.Y. Sept. 19, 2014).

In this case, the ALJ made no express finding with respect to whether Plaintiff' suffered from a medically determinable impairment that could reasonably be expected to cause the symptoms he alleged. Instead, the ALJ's credibility assessment begins by concluding that Plaintiff's subjective allegations were not substantiated by medical evidence. *See* AR at 15. This clearly amounted to legal error under *Meadors*. Moreover, the Court finds unpersuasive the Commissioner's argument that the ALJ "clearly acknowledged" that Plaintiff's condition reasonably could be expected to produce the pain he alleges because he found that Plaintiff suffered from the severe impairment of lower back disorders. *See* Dkt. No. 14, Def.'s Br., at 8. A finding at step two of the disability analysis that a claimant's impairments are severe is "entirely separate and distinct from assessment of [the claimant's ] *credibility*" regarding his subjective experience of pain and other symptoms. *Babb*, 2014 WL 4684883, at *5.

For these reasons, the Court finds that the ALJ committed reversible error by failing to make an express finding as to whether Plaintiff suffers from a "'medically determinable impairment[ ] that could reasonably be expected to produce'" the pain he alleges. *Meadors,* 370 F. App'x at 183 (quotation and other citation omitted).

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 12, is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 14, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the ALJ for further proceedings consistent with this Memorandum-Decision and Order pursuant to sentence four of the Act; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: March 14, 2016
        Syracuse, New York

                                             Frederick J. Scullin, Jr.
                                             Senior United States District Judge